Sean Carroll
7101 Tanager Dr.
Carlsbad, California 92011
Phone: 760-809-5268   Fax: 760-448-5848

In Pro Se

FILED
08 JUN 24 PM 3:40
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY            CP            DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SEAN CARROLL

        Plaintiff,

vs.

LINCOLN MUTUAL MORTGAGE CO.
a California State Corporation;
FREMONT INVESTMENT AND LOAN
COMPANY, a California State Corporation;
MARK A. BRENCICK, an individual, and,
DOES 1 through 65, INCLUSIVE

        Defendants

Case No. 08 CV 1120 JM RBB

VERIFIED COMPLAINT FOR
FOR INJUNCTIVE RELIEF
AND MONETARY DAMAGES

JURY DEMANDED

## MATTERS COMMON TO MULTIPLE CLAIMS

### INTRODUCTION

1. Plaintiff, SEAN CARROLL, brings this action against Mortgage Lenders, LINCOLN MUTUAL MORTGAGE CO., and, FREMONT INVESTMENT AND LOAN CO., and, MARK A. BRENCICK, to secure redress from predatory and fraudulent lending practices. Plaintiff seeks to rescind a residential mortgage loan for violation of the Truth in Lending Act, codified at 15 U.S.C. § 1601 et seq., (TILA), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

/././

/././

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. § 1331 (general federal question), 15 U.S.C. § 1601 (TILA), and 28 U.S.C. § 1367 (supplemental jurisdiction). Venue in this District is proper whereas Defendants transact business here.

## PARTIES

3. Plaintiff, SEAN CARROLL, is a 45 year old man residing in his home in Carlsbad California.

4. Defendant, LINCOLN MUTUAL MORTGAGE CO. is a national lender located in California.

5. Defendant, MARK A. BRENCICK, is a mortgage broker located in California.

6. Defendant, Fremont Investment and Loan is a national mortgage lender located in California.

7. Plaintiff has personal knowledge that at all times herein mentioned there has existed, and now exists a unity of interest and ownership among Defendant, MARK A. BRENCICK, and LINCOLN MUTUAL MORTGAGE CORPORATION. and DOES 1-65, INCLUSIVE, such that any individuality and separateness between said Defendants has ceased, and said Defendants are the alter ego of each other, in that they are under common control and domination and have common ownerships. Adherence to the fiction of separate existence of these Defendants would permit an abuse of their respective organizational privileges and would sanction fraud and promote injustice.

8. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES, 1 through 65, INCLUSIVE, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and upon such information and belief alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and Plaintiff's damages were proximately caused by such Defendants.

9. Plaintiff is informed and believes, and on that basis alleges that each of the fictitiously named Defendants were and are the agents, employees, or representatives of the other Defendants and acting in concert with the other.

## FACTS RELATING TO PLAINTIFF'S NOVEMBER 02, 2005 LOAN

10. On November 02, 2005, Plaintiff, SEAN CARROLL, obtained a 750,000.00 refinance loan from Defendant, Fremont Investment and Loan Co. through, Defendant, Lincoln Mutual Mortgage Corporation.

11. At all times herein mentioned, Plaintiff, SEAN CARROLL, paid his mortgage payments in a timely manner and according to terms, until on or about July 01, 2007.

12. On or about July 01, 2007, Plaintiff attempted to remit payment of his monthly mortgage installment only to discover that Defendant Fremont had closed each of its California branch offices and was no longer conducting business in the State of California.

13. Plaintiff further discovered that on or about March 07, 2007 the Federal Deposit Insurance Corporation issued a Cease and Desist Order against Defendant Fremont for unsafe and unsound banking practices and violations of law stemming from, among other things, marketing and extending adjustable rate mortgages, ("ARM") products to sub-prime borrowers in an unsafe and unsound manner. (a true copy of the F.D.I.C. cease and desist order is attached hereto as "Exhibit A", and made a part of this pleading.)

14. Plaintiff attempted to contact his broker, Defendant, Lincoln Mutual Mortgage regarding the status of Defendant Fremont and the effect it had on his loan, however none of his correspondence, (ie. letter, phone calls) were answered. Plaintiff later discovered that Defendant Lincoln Mutual had closed its doors due to internal conflicts and corporate malfeasance.

15. Plaintiff again attempted to contact Fremont Investment and Loan in Irving, Texas, however they refused to provide any information regarding the status of Plaintiffs loan, forwarding address for payments or any information whatsoever.

16. On or about October 01, 2007, Plaintiff sent Defendant Fremont its Notice of Rescission.

17. On or about February 07, 2008, Plaintiff received a notice of foreclosure sale, which is the only correspondence Plaintiff received from Defendants and each of them in over eight months.

18. Additionally, on or about February 09, 2008 Plaintiff discovered that his loan had "reset" on December 01, 2007 and that the interest rate had jumped from 9.0% to 11.5 %

/././

- 3 -

15. Plaintiff asserts that Defendants represented to him that the refinance loan was a 30 year fixed rate loan with a fixed interest rate of 9.0% and not a "ARM" loan.

16. Plaintiff asserts that it was "baited" with the 30 year fixed rate mortgage and was later "switched" to a two year "ARM" loan.

## COUNT I- TILA RECISSION

17. Plaintiff incorporates ¶¶ 1-18. This claim is against Lincoln Mutual Mortgage Corporation.

18. Because the Transaction was secured by Plaintiffs home, and was not entered into for the purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by TILA, 15 U.S.C. § 1601, and implementing Federal Reserve Board Regulation Z, 12 C.F.R. §226.23.

19. Section 226.23 provides:

(a) <u>Consumers right to rescind</u>

    (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumers principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section. [fn]47.

    (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram, or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditors' designated place of business.

    (3) The consumer my exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of al material disclosures, [fn] 48, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. § 1635(f)].

    (4) When more than one consumer in a transaction has the right to rescind the exercise of the right by one consumer shall be effective as to all consumers.

(b) Notice of right to rescind

    In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

    (1)    The retention or acquisition of a security interest in the consumers' principal dwelling.

    (2)    The consumers right to rescind the transaction;

    (3)    How to exercise the right to rescind, with a form for that purpose, designating the address of the creditors place of business;

    (4)    The effects of rescission, as described in paragraph (d) of this section;

    (5)    The date the rescission period expires;

(f) Exempt transactions.

    The right to rescind does not apply to the following:

    (1)    A residential mortgage transaction [defined in U.S.C. 15 §1602(w) as one where a "security interest is created or retained against the consumers dwelling to finance the acquisition or initial construction of such dwelling].

    (2)    A credit plan in which a state agency is a creditor.

    20. Because Lincoln Mutual failed to comply with Section 226.23, Plaintiff has a continuing right to rescind.

    21. Plaintiff has given notice of his election to rescind.

Additional relief

In any transaction in which it is determined that the creditor has violated this section, in addition to rescission, the Court may award relief under section 1640 of this title for violations of this sub-chapter not relating to the right to rescind.

    WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Lincoln Mutual Mortgage Corporation for:

    a.    Rescission of the 2005 Lincoln Mutual loan;

    b.    Statutory damages for he disclosure violation;

    c.    Attorneys fees, litigation expenses and costs.

d.  Such other relief as the Court may deem just and proper.

## COUNT II- FRAUD -VIOLATION OF UNFAIR PRACTICES ACT

22. Plaintiff incorporates ¶¶ 1-18, as fully set forth above. This claim is against Lincoln Mutual Mortgage Corporation.

23. Defendant Lincoln Mutual Mortgage Corporation engaged in unfair and deceptive acts in violation of the California Unfair Practices Act, *California Business & Professions Code* § 1700 et seq. as it is an unfair practice to encourage multiple refinances to generate unconscionable transaction fees and multiple pre-payment penalties.

24. *California Business and Professions Code* § 17200 states as follows;

As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

25. Defendant engaged in such unfair and fraudulent acts and practiced in course of trade and commerce in financial services.

26. Defendant intended that Plaintiff rely on the undisclosed facts, by signing a note and mortgage at an excessive rate and unfair terms.

27. Plaintiff did so rely, and was damaged.

28. The conduct of Defendant was deliberately oppressive, corrupt and dishonest.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a) Compensatory and punitive damages;

b) Attorneys fees and cost of litigation;

c) Such other relief as the Court may deem just and proper;

Dated: June 5, 2008        By: _____
                               SEAN CARROLL
                               Plaintiff, In Pro Se

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SEAN CARROLL

**DEFENDANTS**
LINCOLN MUTUAL MORTGAGE CORPORATION, FREMONT

(b) County of Residence of First Listed Plaintiff  **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.


FILED
08 JUN 24 AM 11:39
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)
Sean Carroll
710 Tanager Dr.
Carlsbad CA 92011  760-809-5269

Attorneys (If Known)

**'08 CV 1120 JM RBB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☒ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract |  | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |  ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15:1601
Brief description of cause:
TRUTH IN LENDING

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 6-24-08
SIGNATURE OF ATTORNEY OF RECORD  Sean Carroll

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

CR