1  Sean Carroll
2  7101 Tanager Dr.
   Carlsbad, California 92011
3  Phone: 760-809-5268   Fax: 760-448-5848

4  In Pro Se

FILED

2008 AUG 25 AM 9:30

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN CARROLL<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LINCOLN MUTUAL MORTGAGE CO.<br>a California State Corporation;<br>FREMONT INVESTMENT AND LOAN<br>COMPANY, a California State Corporation;<br>MARK A. BRENCICK, an individual, and,<br>DOES 1 through 65, INCLUSIVE<br><br>　　　　　Defendants | Case No. 08-CV 1120 JM RBB<br><br>EX-PARTE NOTICE OF MOTION<br>AND MOTION FOR TEMPORARY<br>RESTRAINING ORDER<br><br>[Fed. Rules Civ. Proc. Rule 65 et seq.]<br><br>Date: To be Determined<br>Time:<br>Dept: 16, Hon. Jeffrey P. Miller |

TO ALL PARTIES AND RESPECTIVE COUNSEL HEREIN,

NOTICE IS HEREBY GIVEN, that on the date and time hereinafter set forth, or as soon thereafter as the matter may be heard, in Dept. 16 of the United States District Court Southern District of California, located at 940 Front St., San Diego, California 92101, Plaintiff, Sean Carroll, will and hereby does move the Court for a Temporary Restraining Order pursuant to F.R.C.P. Rule 65.

/././

/././

/././

I.   RELIEF SOUGHT

Plaintiff respectfully moves the Court for a preliminary injunction enjoining Defendants, Fremont Investment and Loan, and their officers, employees, agents, assigns, attorneys and any person(s) in active concert and participation with the Defendants, pending a trial on the merits and final order in this action, from engaging in or performing any act to deprive Plaintiff of ownership or possession of that real property commonly known as and located at: 7101 Tanager Dr., Carlsbad, California 92011, ("Property"), including but not limited to instituting, prosecuting or maintaining foreclosure or sale proceedings on the Property, from recording any deeds or mortgages regarding the Property or from otherwise taking any steps whatsoever to deprive Plaintiff of ownership on the Property, and in particular from proceeding with the sale of the Property.

II.   GROUNDS FOR RELIEF

1. The verified complaint and the affidavit of Sean Carroll, which establish that, unless restrained by this court, the Defendants, and each of them, will continue to perform the acts sought to be enjoined.

2. As established by the verified complaint and the affidavit of Sean Carroll and the memorandum of points and authorities in support of this motion, if the Defendants continue to perform the acts sought to be enjoined, Plaintiff will suffer immediate and irreparable harm. Absent a preliminary injunction, Plaintiff will suffer the severe and irreparable harm of the foreclosure of his property. Furthermore, money damages cannot fully compensate for the harm caused by Defendants' present unlawful policies and practices.

3. As established by the verified complaint, the affidavit of Sean Carroll, and the memorandum of points and authorities, the Plaintiff is likely to succeed on the merits of this action.

4. As shown by the verified complaint, the affidavit Sean Carroll, and the memorandum of points and authorities, the injury to Plaintiffs, if Defendants are not enjoined, will substantially exceed any foreseeable hardship to the Defendants. The issuance of a preliminary injunction will cause the Defendants little if any hardship in that the preliminary injunction seeks only to *preserve the status quo.* The Plaintiffs on the other hand stand to suffer substantial and irreparable harm if the preliminary injunction is not ordered.

III. <u>SUPPORT FOR MOTION</u>

    This motion is based on this notice of motion, on all the papers and records on file in this action, including this document, the verified complaint, the supporting affidavit of Sean Carroll, the supporting memorandum of points and authorities, and on any reply Plaintiffs may make and any further evidence and/or argument presented prior to or at the hearing or ruling on this motion.

    Respectfully submitted, by Sean Carroll, Plaintiff, In Pro Se.

Dated: August 22, 2008                               By: *[signature]*
                                                      SEAN CARROLL
                                                      Plaintiff / In Pro Se

1  Sean Carroll
2  7101 Tanager Dr.
   Carlsbad, California 92011
3  Phone: 760-809-5268   Fax: 760-448-5848
4  In Pro Se

FILED

2008 AUG 25 AM 9:31

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN CARROLL<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN MUTUAL MORTGAGE CO.<br>a California State Corporation;<br>FREMONT INVESTMENT AND LOAN<br>COMPANY, a California State Corporation;<br>MARK A. BRENCICK, an individual, and,<br>DOES 1 through 65, INCLUSIVE<br><br>Defendants | Case No. 08-CV 1120 JM RBB<br><br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF<br>TEMPORARY RESTRAINING ORDER<br><br>[Fed. Rules Civ. Proc. 65 et seq. ]<br><br>Date:   To be Determined<br>Time:<br>Dept:   16, Hon. Jeffrey P. Miller |

## MEMORANDUM OF POINTS AND AUTHORITIES

The Ninth Circuit has prescribed the following equitable criteria for determining whether to grant injunctive relief:

> (1) The likelihood of the moving party's success on the merits; (2) the possibility of irreparable injury to the moving party if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by granting preliminary relief. The moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits......[T]he required degree of irreparable harm increases as the probability of success decreases.

1       Owner Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co. 367 F.3d 1108, 1111 (9th Cir. 2004) (quoting Miller ex rel. N.L.R.B. v. Cal. Pac. Med. Ctr., 19 F.3d 449, 456 (9th Cir. 1994)). The standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. Bronco Wine Co. v. U.S. Dep't of Treasury, 997 F. Supp. 1309, 1313 (E.D. Cal. 1996); Franklin v. Scribner, Civil No. 07-0438 BTM (LSP), 2007 WL 1491100, at 3 (S.D. Cal. May 21, 2007). The temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the *status quo* and preventing irreparable harm just so long as is necessary to hold a hearing and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 439 (1974); accord L.A. Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200 (9th Cir. 1980); Del Toro Chacon v. Chertoff, 431 F. Supp. 2d 1135, 1139-40 (W.D. Wash. 2006).

      On the basis of Plaintiff's application and supporting documentation, Plaintiff will suffer irreparable injury if the Court does not grant the Temporary Restraining Order. Defendants are and have been attempting to foreclose on Plaintiffs property, including his residence of more than ten years. Losing ones home through foreclosure is an irreparable injury. See Chronkhite v. Kemp, 741 F. Supp. 822, 825 (E.D. Wash. 1989) (irreparable injury established where deed of trust contained no redemption period, and foreclosure would result in Plaintiff losing home and all equity.)

      The remaining equitable factors likewise support Plaintiffs application and request for a temporary restraining order. The balance of hardships tips sharply in favor of the Plaintiff. For Plaintiff to lose his home would present a far greater hardship than postponing the foreclosure sale. Whereas the balance of hardships so clearly points in Plaintiffs direction, Plaintiff is allowed to make a lesser showing on the merits. See Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (where balance of hardships tips sharply in Plaintiff's favor, Plaintiff need only show "fair chance of success on the merits"). In the instant case, Plaintiff has shown at least a "fair chance of success." Plaintiffs signature of the Forbearance and Release Agreement did not waive Plaintiffs right to rescind the loan because of violations of the Truth-in-Lending Act, (TILA), for the waiver provisions in that agreement did not comply with all the requirements of Regulation Z.

1  See 12 C.F.R. § 226.15(e) (requiring dated written statement that describes the consumers "bona fide
2  personal financial emergency", specifically waives the right to rescind, and contains the consumers
3  signature.)

4  Furthermore, Plaintiff has a "fair chance of success" of establishing TILA violations
5  because Defendant creditors failed to provide Plaintiff with certain "material disclosures" and
6  required documents, including, but not limited to, two notices of Plaintiffs right to rescind the loan.
7  See 15 U.S.C. §§ 1602(u) (defining material disclosures), 1639(a)(2) (listing further material
8  disclosures); 12 C.F.R. § 226.32( c ) (same); see also 15 U.S.C. § 1635(a) (requiring creditors to give
9  to consumer two copies of notice of right to rescind); 12 C.F.R. § 226.23(b)(1) (same). The failure
10 to make material disclosures and tender required documents entitles Plaintiff to rescind within three
11 years of the loans consummation. 15 U.S.C. § 1635(f); 12 C.F.R. §§ 226.15(a)(3), 226.23(a)(3).

## CONCLUSION

WHEREFORE, Plaintiff prays the Court grant its application and enjoin and restrain Defendants, and each of them, and their agents, assigns, employees, officers, attorneys and representatives from engaging in or performing any act to deprive Plaintiff of ownership or possession of the real property commonly known as and located at: 7101 Tanager Dr., Carlsbad, California 92011, including but not limited to instituting, prosecuting or maintaining foreclosure or sale proceedings on the property, from recording any deeds or mortgages regarding the Property or from otherwise taking any steps whatsoever to deprive Plaintiff of ownership on the Property.

The foregoing memorandum of points and authorities is respectfully submitted by, Sean Carroll, Plaintiff, In Pro Se.

Dated: August 22, 2008         By: _[signature]_
                                   Sean Carroll
                                   Plaintiff, In Pro Se

## TABLE OF AUTHORITIES

Case Law

Owner Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co. 367 F.3d 1108, 1111 (9th Cir. 2004) (quoting Miller ex rel. N.L.R.B. v. Cal. Pac. Med. Ctr., 19 F.3d 449, 456 (9th Cir. 1994)). ........ 2

Bronco Wine Co. v. U.S. Dep't of Treasury, 997 F. Supp. 1309, 1313 (E.D. Cal. 1996) ........ 2

Franklin v. Scribner, Civil No. 07-0438 BTM (LSP), 2007 WL 1491100, at 3 (S.D. Cal. May 21, 2007) ........ 2

Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 439 (1974) ........ 2

accord L.A. Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200 (9th Cir. 1980) ........ 2

Del Toro Chacon v. Chertoff, 431 F. Supp. 2d 1135, 1139-40 (W.D. Wash. 2006) ........ 2

Chronkhite v. Kemp, 741 F. Supp. 822, 825 (E.D. Wash. 1989) ........ 2

See Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ........ 2

Statutes

12 C.F.R. § 226.15(e) ........ 3

15 U.S.C. §§ 1602(u) ........ 3

15 U.S.C. § 1602(u) ........ 3

15 U.S.C. 1639(a)(2) ........ 3

12 C.F.R. § 226.32( c ) ........ 3

15 U.S.C. § 1635(a) ........ 3

12 C.F.R. § 226.23(b)(1) ........ 3

15 U.S.C. § 1635(f); ........ 3

12 C.F.R. § 226.15(a)(3) ........ 3

12 C.F.R. 226.23(a)(3) ........ 3

1  Sean Carroll
7101 Tanager Dr.
2  Carlsbad, California 92011
3  Phone: 760-809-5268   Fax: 760-448-5848

4  In Pro Se

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN CARROLL<br><br>　　　　　Plaintiff,<br>vs.<br><br>LINCOLN MUTUAL MORTGAGE CO.<br>a California State Corporation;<br>FREMONT INVESTMENT AND LOAN<br>COMPANY, a California State Corporation;<br>MARK A. BRENCICK, an individual, and,<br>DOES 1 through 65, INCLUSIVE<br><br>　　　　　Defendants | Case No. 08-CV 1120 JM RBB<br><br>DECLARATION OF PLAINTIFF<br>SEAN CARROLL IN SUPPORT OF<br>TEMPORARY RESTRAINING ORDER<br><br>[Fed. Rules Civ. Proc. 65 et seq. ]<br><br>Date:　To be Determined<br>Time:<br>Dept:　16, Hon. Jeffrey P. Miller |

　　　I, SEAN CARROLL, hereby declare and state and if called upon to testify, could and would competently attest the to following set of facts:

　　　1. I am the Plaintiff in the above entitled action.

　　　2. The residential mortgage subject to theses proceedings has been recently assigned to Litton Mortgage Servicing from Defendant Fremont Investment & Loan.

　　　3. I have made a good faith effort to correspond with Litton regarding a loan modification which they offered, however, it has become apparent that Litton has no intention of honoring its promise to modify and reinstate my mortgage and instead fully intends to foreclose on my note on August 29, 2008.

4. I am before the Court at this time requesting a preliminary injunction enjoining and restraining Defendant Fremont Investment & Loan, and/or, their agents and assigns from proceeding with the August 29, 2008 foreclosure.

5. I will be irreparably harmed if Defendant Fremont is allowed to perfect its foreclosure on my note as it will result in the loss of my home.

6. I have information and belief sufficient to allege that my loan has been sold numerous times and that neither Defendant Fremont Investment & Loan, and/or, its agents or assigns has the legal authority to foreclose on my note, whereas none of these Defendants are the true beneficiary and none of these Defendants can produce my <u>original note</u> to prove that they were authorized by the true beneficiary to foreclose.

7. Litton loan servicing has been assigned as the "Nominee Beneficiary" for the purposes of concealing the identity of the true beneficiary, and fails and refuses to disclose the name of the true beneficiary.

8. Notwithstanding the above, Defendants, and each of them, failed to provide certain material disclosures, including but not limited to, TWO copies of my right to rescind my mortgage contract, and ARM disclosures.

I hereby declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct.

Dated: August 22, 2008                         By: _____
                                                    SEAN CARROLL
                                                    Plaintiff, In Pro Se

# PROOF OF SERVICE
[F.R.C.P. Sec. II, Rule 4.1(a)]

UNITED STATES DISTIRCT COURT           )    CARROLL v. FREMONT INVESTMENT, ET AL.
                                        )
                                        ) §§:  Case No: 08-CV 1120 JM RBB
                                        )
SOUTHERN DISTRICT OF CALIFORNIA )

    I am employed in the City of San Diego, County of San Diego, State of California. I am over the age of 18 years and not a party to the within mentioned action. My business address is 2207 Garnet Ave., Suite "N", San Diego, California 92109. On **July 30, 2008** I caused the document(s) named below to be served on the interested parties in this action as follows:

    PLEASE SEE ATTACHED SERVICE LIST

**DOCUMENTS SERVED:**   EX-PARTE NOTICE OF MOTION FOR PRELIMINARY INJUNCTION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX-PARTE MOTION FOR PRELIMINARY INJUNCTION;
DECLARATION OF SEAN CARROLL IN SUPPORT OF EX-PARTE MOTION FOR PRELIMINARY INJUNCTION.

[ ]  **(BY MAIL)** I caused each envelope, with postage thereon fully prepaid, to be placed in the United States mail at Oceanside, California. I am readily familiar with the correspondence for mailing, said practice being that in the ordinary course of business, mail is to be deposited in the United States Postal Service the same day as it is placed for collection.

[ ]  **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee(s)

[x]  **(BY SUBSTITUTED SERVICE ON NATURAL PERSON, MINOR, CONSERVATEE, OR CANDIDATE)**
By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household apparently in charge of the home, office, or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid), copies to the person served at the place where the copies were left.

[ ]  **(BY FACSIMILE)** I caused to be transmitted the document(s) described herein at approximately 3:00 p.m. via the Facsimile number(s) listed above. A copy of the transmission report(s) are attached hereto.

    I hereby declare under penalty of perjury, under the laws of the United States that the above is true and correct.

Executed on:   August 22, 2008

                                                       LINDA S. SHON

**PROOF OF SERVICE**
[F.R.C.P. Sec. II, Rule 4.1(a)]

CARROLL V. FREMONT INVESTMENT & LOAN, ET AL.
CASE NO. 08-CV 1120 JM RBB

SERVICE LIST

FREMONT INVESTMENT & LOAN CO.
175 N. RIVERVIEW DR.
ANAHEIM, CA. 92817

LINCOLN MUTUAL MORTGAGE CO.
8555 AERO DR., STE. 110
SAN DIEGO, CA. 92123

MARK A. BRENCICK
8555 AERO DR., STE. 110
SAN DIEGO, CA. 92123