# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN KEVIN CARROLL,<br><br>　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>FREMONT INVESTMENT & LOAN CO.;<br>LITTON LOAN SERVICING, CO.;<br>TRUSTEE CORPS.,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 08cv1120 JM(RBB)<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

Plaintiff Sean Carroll moves for a temporary restraining order to enjoin Defendants Fremont Investment & Loan ("Fremont"), Litton Loan Servicing ("Litton"), and Trustee Corps. from proceeding with the non-judicial foreclosure of his home currently scheduled for sale on October 27, 2008. Defendants have yet to appear in this action. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court denies the motion for a temporary restraining order to enjoin the non-judicial foreclosure of Plaintiff's home.

### BACKGROUND

On October 17, 2008 Plaintiff filed the First Amended Complaint ("FAC") alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S..C. § 1692. Of the three Defendants identified, only Defendant Fremont Investment and Loan Company has been served. (Docket No. 8).

On November 2, 2005, Plaintiff alleges that he refinanced a residential loan in the amount of

1  $750,000 from Fremont, secured by a trust deed on his home located at 7101 Tanager Drive in
2  Carlsbad, California. (FAC ¶¶1-3). Defendant Litton is the alleged servicer of the loan and Trustee
3  Corps. was allegedly employed by Fremont and Litton "to issue notices of default and other notices
4  relating to the foreclosure of Plaintiffs' property." (FAC ¶2).

5  Plaintiff alleges that he timely paid his mortgage until July 1, 2007, when Fremont ceased
6  doing business in California. (FAC ¶12). On March 7, 2007 the Federal Deposit Insurance
7  Corporation issued a Cease and Desist Order to Fremont. (FAC ¶20). Between July 1, 2007 and
8  October 1, 2007 Plaintiff attempted to contact Fremont but was allegedly unable to locate the address
9  "where Plaintiff could make his monthly mortgage payment." (FAC ¶15). Plaintiff alleges that the
10 disclosure statements provided to him were misleading. (FAC ¶16). He further alleges that he
11 attempted to refinance the loan but was not successful. (FAC ¶¶19-26). Plaintiff alleges that
12 Defendants may not initiate foreclosure under the trust deed because they have not produced the
13 original note with the original signature. (FAC ¶27)

14 Based upon the above generally described conduct, Plaintiff alleges five claims for violation
15 of TILA, violation of FDCPA, predatory lending practices, fraud, and declaratory relief.

16 **DISCUSSION**

17 **Legal Standards**

18 The Ninth Circuit has not articulated a specific test for temporary restraining orders. This
19 court therefore uses the same tests applicable for preliminary injunctions. See Superior Servs., Inc.
20 v. Dalton, 851 F. Supp. 381, 384 (S.D. Cal. 1994). Preliminary injunctive relief is available if the
21 party meets one of two tests: (1) a combination of probable success and the possibility of irreparable
22 harm, or (2) the party raises serious questions and the balance of hardship tips in its favor. Arcamuzi
23 v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). "These two formulations represent
24 two points on a sliding scale in which the required degree of irreparable harm increases as the
25 probability of success decreases." Id. Under both formulations, however, the party must demonstrate
26 a "fair chance of success on the merits" and a "significant threat of irreparable injury." Id.

27 **The Motion**

28 The Merits

1    The thrust of Plaintiff's argument on the merits is twofold: (1) that "none of the[] Defendants can produce [the] <u>original</u> note to prove that they were authorized by the true beneficiary to foreclose," (Carroll Suppl. Decl. ¶6; FAC ¶27) and (2) that "Defendant creditors failed to comply with certain 'material disclosures' and required documents, including, but not limited to, two notices of plaintiffs right to rescind the loan." (Motion at p.3:5-6). The mere fact that Defendants have failed to produce the original note thus far does not establish the likelihood of success on any of Plaintiffs five claims for violation of TILA, violation of FDCA, predatory lending practices, fraud, and declaratory relief. Furthermore, Plaintiff fails to establish that he has requested the original note or that the debt, as represented by the note, is invalid or otherwise subject to challenge. To the extent Plaintiff seeks to argue the "best evidence rule" as reflected in Fed.R.Evid. 1002, the court notes that Plaintiff does not raise an evidentiary challenge to the validity of the note. or to otherwise challenge the validity of the note. To large extent, the court notes that Fed.R.Evid. 1003 addresses Plaintiff's concerns. Rule 1003 provides "[a] duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." As Plaintiff fails to more specifically challenge the content of the note, the court cannot adequately assess this issue.

Second, Plaintiff's generalized argument that he did not receive two notices of the TILA right to rescind notice, fails to establish the requisite likelihood of success that he is entitled to enjoin the foreclosure sale. This is particular true where Plaintiff fails to establish that he is in a position to unwind the transaction. <u>See</u> 15 U.S.C. § 1635; <u>Marcelos v. Dominguez</u>, 2008 WL 1820683 at *4 (N.D.Cal. 2008). To the extent Plaintiff claims other improper disclosures under TILA, the court notes that such claims are subject to a one-year statute of limitations. 15 U.S.C. §1640(e) (any claim under this provision must be made "within one year from the date of the occurrence of the violation."). Plaintiff alleges that he executed the loan documents on November 2, 2005 (FAC ¶¶1-3) but he did not file the present action until June 24, 2008. Consequently, it appears that Plaintiffs claims related to alleged improper disclosures may be time barred.

In sum, Plaintiff has only shown a remote possibility of likelihood of success on the merits.

<u>Irreparable Harm</u>

There is no doubt that the loss of one's home is a significant irreparable loss. However, a significant irreparable harm must be accompanied by some showing of the likelihood of success on the merits, something Plaintiff fails to do.

Finally, other considerations caution against granting the requested relief. Of the three named Defendants, only Fremont has been served. Moreover, it appears that Fremont may no longer have any interest in the note because Plaintiff alleges that Fremont sold the note. (Carroll Suppl. Decl. ¶6). One implication arising from the sale of the note may be that the holder of the note has not received any notice that Plaintiff commenced this action. The court notes that Plaintiff commenced this action on June 24, 2008 and appears to have taken few steps to notify potentially interested parties or defendants of the existence of this action. Plaintiff has had four months in which to bring the parties before the court but has failed to do so. Under these circumstances, the court is hesitant to grant true <u>ex parte</u> relief. The court notes that "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." <u>Granny Goose Foods, Inc. v. Brotherhood of Teamsters</u>, 415 U.S. 423, 438-39 (1974).

In sum, the motion for a temporary restraining order is denied.

**IT IS SO ORDERED.**

DATED: October 24, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:        All parties